# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Neil Powers

    v.

Victor R. Wilfore,
Executor, et al.

December 8, 2014

Case No. (Civil) CL12-2266

By Judge Randall D. Smith

This matter was before the Court on October 15, 2014, on defendants' Motion To Dismiss by Special Appearance on the basis that the defendants have not been served with process and more than one year has elapsed since the filing of the action, pursuant to Virginia Code §§ 8.01-275.1, 8.01-277(B), and Rule 3:5(e) of the Rules of the Supreme Court of Virginia. The plaintiff moved to nonsuit the action in accordance with Va. Code § 8.01-380, which was objected to by defendants.

Va. Code § 8.01-277(B) provides, in part:

> A person, upon whom process has not been served within one year of commencement of the action against him, may make a special appearance, which does not constitute a general appearance, to file a motion to dismiss. Upon finding that the plaintiff did not exercise due diligence to have timely service and sustaining the motion to dismiss, the court shall dismiss the action with prejudice. Upon finding that the plaintiff did exercise due diligence to have timely service and denying the motion to dismiss, the court shall require the person filing such motion to file a responsive pleading within 21 days of such ruling. *Nothing herein shall prevent the plaintiff from filing a nonsuit under § 8.01-380 before the entry of an order granting a motion to dismiss pursuant to the provisions of this section.*

(Emphasis added.) *See Bowman v. Concepcion*, 283 Va. 552, 564, 722 S.E.2d 260, 267 (2012) (noting that, where plaintiff failed to perfect service of process upon defendant within twelve months, "as permitted by Code § 8.01-277(B), [plaintiff] could have taken a nonsuit as a matter of right

pursuant to Code § 8.01-380 and refiled her complaint in accord with the provisions of Code § 8.01-229(E)(3)"); *Waterman v. Halverson*, 261 Va. 203, 207, 540 S.E.2d 867, 868-69 (2001) (holding that the enactment of Va. Code § 8.01-275.1 did not nullify or invalidate its cases construing Rule 3:3(c) (now Rule 3:5), which hold that failure to comply with the one year service provision of the rule does not preclude a trial court from granting a plaintiff's motions for nonsuit and that the refiled action is entitled to the tolling provisions of Va. Code § 8.01-229(E)(3)).

Accordingly, the Court is of the opinion that plaintiff's motion for nonsuit should be granted.